■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CUMBERBATCH, Appellant.—Judgment, Supreme Court, Bronx County, dated July 23, 1975 (Indictment No. 3298/73), convicting appellant of the crime of robbery in the first degree, is unanimously reversed, on the law, and said indictment is dismissed as to appellant Cumberbatch. Judgment, Supreme Court, Bronx County, dated July 23, 1975 (Indictment No. 93/74), convicting appellant of the crime of possession of a weapon as a felony, is unanimously modified, as a matter of discretion in the interest of justice, by vacating the sentence of appellant Cumberbatch on said charge and remitting the matter to the Supreme Court, Bronx County, for resentencing of defendant-appellant on said charge, and the judgment is otherwise affirmed. Two distinct criminal incidents are involved: (a) the killing of a police officer at an elevated IRT station in The Bronx, and (b) a subsequent taking of an automobile at the point of a gun. Two defendants were involved, appellant Cumberbatch and a codefendant Robert Hayes. Defendant Hayes was convicted, at a separate trial, of the crimes of murder, robbery in the first degree, and possession of a weapon as a felony, and this court has affirmed that conviction. *(People v Ysrael,* 54 AD2d 676.) Indictment No. 3298/73 contained five counts, all relating to the taking of the automobile. Appellant was convicted of robbery, the top count of that indictment. In the course of the immediately preceding incident, appellant had been shot in the neck and the foot. The evidence is that his role with respect to the taking of the automobile was entirely passive. It was the codefendant Hayes who pointed a gun at the driver of the automobile, ordered the passengers out, and took control of the automobile, apparently for the purpose of getting appellant Cumberbatch to the hospital. It is not clear that appellant Cumberbatch did more than get or fall into the car to be taken to the hospital. The car, with Cumberbatch in it, was abandoned two blocks from the hospital. On these facts, reasonable doubt exists as a matter of law as to whether appellant Cumberbatch had or could have formed the criminal intent to steal the car, the requisite for a conviction of robbery or larceny. Accordingly, we reverse that conviction and dismiss the indictment. (Cf. *People v Ledwon,* 153 NY 10, 17.) Under Indictment No. 93/74, appellant and his codefendant were indicted for murder and for possession of a weapon as a felony. Although the codefendant was convicted of murder at a separate trial, appellant Cumberbatch was acquitted of the charge of murder but was convicted of the charge of possession of a weapon as a felony, this charge referring to his possession of a gun on the elevated station. On this charge, appellant was sentenced to a term of imprisonment not to exceed seven years, to run concurrently with the sentence of 8⅓ to 25 years on the robbery count of the companion indictment. We do not know whether the Trial Judge would have imposed this same sentence on the weapons charge if he were not sentencing appellant concurrently with the robbery charge. Accordingly, we vacate the sentence on the weapons charge and remit the matter to the trial court for resentence on that charge. We express no opinion as to what that sentence should be. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Markewich, JJ.